UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No:

POLARIS IMAGES CORP.,

        Plaintiff,

    v.

COLORADO SPRINGS
GAZETTE, LLC,

        Defendant.

## COMPLAINT

Plaintiff Polaris Images Corp. ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant Colorado Springs Gazette, LLC ("*Defendant*") states and alleges as follows:

### INTRODUCTION

1. This action seeks to recover damages for copyright Infringements under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff herein possesses the exclusive right to distribute and reproduce certain photographic works by which Plaintiff licenses same for various uses including to online and print publications.

3. Defendant is a media company which owns and operates a website at www.outtherecolorado.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff, actively

1

copied and/or displayed the Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Polaris Images Corp. is a New York corporation and maintains a principal place of business in Sullivan County, New Hampshire.

6. Upon information and belief, Defendant Colorado Springs Gazette, LLC, is a Colorado limited liability company with a principal place of business at 30 E. Pikes Peak Avenue, Suite #100, Colorado Springs in El Paso County, Colorado.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright Infringements claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Colorado.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.  Plaintiff's Copyright Ownership**

10. The Photograph is an original, creative work in which Plaintiff possesses protectable copyright interests.

11. On January 20, 1997, Randall Simons ("*Simons*") authored a photograph of JonBenet Ramsey smiling with a green backdrop and white flowers in her hair. (the "*Photograph*"). A copy of the Photograph is attached hereto collectively as Exhibit 1.

12. In creating the Photograph, Simons personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

13. On or about June 21, 2018, Plaintiff acquired the exclusive rights to license and/or distribute the Photograph as well as pursue violation(s) of same by written agreement.

14. On July 11, 2018, the Photograph was registered by the USCO under Registration No. VA 2-110-452.

15. Simons created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

B.   **Defendant's Infringing Activity**

16. Defendant is the registered owner of the Website and is responsible for its content.

17. Defendant is the operator of the Website and is responsible for its content.

18. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

19. The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

20. On or about December 22, 2021, Defendant displayed the Photograph on the Website as part of an on-line story at URL: https://www.outtherecolorado.com/news/who-killed-jonben-t-ramsey-four-theories-that-have-been-investigated-over-the-years/article_036a97b8-62b5-11ec-8cb7-cf47d9547012.html?fbclid=IwAR0ugepKrvTt-iRhOKai7-

paxuhOqD70EK1D7y_o3lUWklgYN3OY7gNPePs ("*Infringement #1*"). A copy of a screengrab of the Website including the Photograph is attached collectively hereto in Exhibit 2.

21. The Photograph was stored at URL: https://bloximages.newyork1.vip.townnews.com/outtherecolorado.com/content/tncms/assets/v3/editorial/3/94/394defcb-53ac-54ef-99c6-cd675cee0396/61c26373343cd.image.jpg?resize=375%2C500.

22. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed the Photograph on the Website.

23. Plaintiff first observed and actually discovered Infringement 1 on October 8, 2022.

24. On or about July 26, 2022, Defendant further displayed the Photograph on the Website as part of an on-line story at URL: https://www.outtherecolorado.com/news/family-of-jonben-t-ramsey-petitions-polis-for-access-to-dna-evidence/article_7e77d58a-0d08-11ed-9c61-0b25bbafa279.html ("*Infringement #2*"). A copy of a screengrab of the Website including the Photograph is attached hereto collectively in Exhibit 2.

25. The Photograph was stored at URL: https://bloximages.newyork1.vip.townnews.com/outtherecolorado.com/content/tncms/assets/v3/editorial/3/94/394defcb-53ac-54ef-99c6-cd675cee0396/61c26373343cd.image.jpg?resize=375%2C500.

26. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed the Photograph on the Website.

27. Plaintiff first observed and actually discovered Infringement 2 on October 8, 2022.

28. On or about November 11, 2022, Defendant further displayed the Photograph on the Website as part of an on-line story at URL: https://www.outtherecolorado.com/news/26-years-later-boulder-police-announce-next-step-in-solving-jonben-t-ramsey-case/article_5cac27c2-61e4-11ed-90fa-9f9ef8c44ca2.html?fbclid=IwAR1FI9lQ6ID1VmmhuwiP2P4oZ9LS3WiA0JFayEjnZEpLdnSAcNPbnkR9s-A ("*Infringement #3*"). A copy of a screengrab of the Website including the Photograph is attached hereto collectively in Exhibit 2.

29. The Photograph was stored at URL: https://bloximages.newyork1.vip.townnews.com/outtherecolorado.com/content/tncms/assets/v3/editorial/3/94/394defcb-53ac-54ef-99c6-cd675cee0396/61c26373343cd.image.jpg?resize=375%2C500.

30. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed the Photograph on the Website.

31. Plaintiff first observed and actually discovered Infringement 3 on March 7, 2023.

32. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringements*").

33. The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it

to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5).*

34. The Infringements are exact copies of the vast majority of Plaintiff's original image that were directly copied and displayed by Defendant on the Website.

35. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to the Photograph.

36. Upon information and belief, Defendant directly contributes to the content posted on the Website by, *inter alia*, directly employing reporters, authors and editors as its agents, including but not limited to Tamera Twitty whose LinkedIn page lists her as a "Digital Content Creator at OutThere Colorado" (the "*Employees*").

37. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringements.

38. Upon information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

39. Upon information and belief, the Infringements were not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

40. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

41. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

42. Upon information and belief, Defendant monitors the content on its Website.

43. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

44. Upon information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase its revenues.

45. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

46. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

47. The Photograph was created with the intention of it being used commercially and for the purpose of display and/or public distribution.

48. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

49. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

### **FIRST COUNT**
*(Direct Copyright Infringements, 17 U.S.C. §501 et seq.)*

50. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

51. The Photograph is an original, creative work in which Plaintiff possesses the exclusive right to distribute and reproduce.

52. The Photograph is properly registered with the USCO and all statutory formalities under the Copyright Act and under regulations published by the USCO have been complied with.

53. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

54. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed copyrighted works subject to Plaintiff's exclusive right to distribute and/or reproduce thereby violating Plaintiff's exclusive rights in and to the Photograph.

55. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

56. Upon information and belief, Defendant willfully infringed upon the Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit the Photograph without Plaintiff's consent or authority, by using it on the Website.

57. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the Infringements pursuant to 17 U.S.C. § 504(c).

58. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

59. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is

entitled to injunctive relief to prevent or restrain Infringements of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

60. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

   a.  finding that Defendant infringed upon Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

   b.  for an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the Infringements pursuant to 17 U.S.C. § 504(c), whichever is larger;

   c.  for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

   d.  for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

   e.  for pre-judgment interest as permitted by law; and

      f.     for any other relief the Court deems just and proper.

DATED: March 31, 2023

**SANDERS LAW GROUP**

By:   */s/ Craig Sanders*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 127351

*Attorneys for Plaintiff*